IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| U.S. ASSET MANAGEMENT, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. |
| HEARING BETTER NOW, LLC d/b/a VIVID HEAR, | § § § § | |
| Defendant. | § § § | |

# COMPLAINT

Plaintiff, U.S. Asset Management, Inc. (USAM), by and through its undersigned attorneys, complains of the conduct of Hearing Better Now, LLC, doing business as Vivid Hear (Vivid Hear), as follows:

### NATURE OF THE ACTION

1. USAM brings this action for damages for breach of contract and unjust enrichment under applicable state law.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this Civil Action pursuant to 28 U.S.C. § 1332(a)(1) in that it is a civil action in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs and is between citizens of different states. Plaintiff, USAM, is a citizen of Delaware and

1

Massachusetts. On information and belief formed after reasonable investigation, Defendant, Vivid Hear, is a citizen of either or both New York or Florida, but in any event not a citizen of Delaware or Massachusetts. USAM is a citizen of Delaware, where it is incorporated, and Massachusetts, where it has its principal place of business. On information and belief formed after reasonable investigation, Vivid Hear is a citizen of either or both New York and Florida, but not Delaware or Massachusetts, because that is the citizenship of its members.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this district. Vivid Hear administered and performed the contract on which this action is based at a location in this district and division.

**PARTIES**

4. Plaintiff USAM is incorporated in Delaware and has its principal place of business in Massachusetts.

5. Upon information and belief, Defendant Vivid Hear is a limited liability company formed under the laws of the State of New York and does business throughout the United States. Upon information and belief formed after reasonable investigation, Vivid Hear has one or more members that are citizens of New York or Florida, but not Massachusetts or Delaware.

**FACTS SUPPORTING CAUSES OF ACTION**

6. This is an action arising out of a valid and binding July 22, 2021, Purchase and Sale Agreement (Contract) entered between USAM and Vivid Hear.

7. Pursuant to Section 2.1 of the Contract, Vivid Hear agreed to sell and USAM agreed to purchase certain accounts (Accounts) that were generated when Vivid Hear sold hearing aids to individuals on payment plans lasting up to 36 months.

8. In order for Accounts to be subject to purchase by USAM, Vivid Hear was required to do at least the following, as stated in the Statement of Work (SOW) between Vivid Hear and USAM, Exhibit E to the Contract, namely: (a) Vivid Hear would be contacted by customers and handle all sales, including reviewing purchasing options, such as payment in full at purchase or payment plans of up to 36 months, with only the payment plan Accounts qualifying for purchase by USAM; (b) as to the payment plan Accounts, Vivid Hear was to gather all necessary information from the buyer and enter it in an agreed format into Vivid Hear's CRM system, secure a down payment of approximately $50 on a device costing roughly $2,000, and enter all payment information in an agreed electronic file format; (c) handle all communications with the buyers before the resulting Accounts were sold to USAM, including documenting all terms and conditions, down payment receipts, and payment plan documentation, as well as other service and outreach notifications

and communications; and (d) on a daily basis, Vivid Hear would produce and share with USAM, the data and payment files on Accounts to be sold to USAM.

9. Weekly on Mondays during the term of the Contract, USAM would create all necessary documents to effect a transfer of Accounts generated during the prior week from Vivid Hear to USAM, typically as of a Monday closing, including: (a) an Account Schedule[1] that listed the Accounts to be sold to USAM and a calculation of the total Purchase Price USAM would pay to Vivid Hear for those Accounts; (b) a Bill of Sale by which all rights, title, and interests in specific Accounts and all related documents would be transferred by Vivid Hear to USAM; and (c) a Settlement Statement that specified a Closing Date and reflected the Purchase Price that USAM would pay to Vivid Hear as of the respective Closing Dates. Contract at Exhibit E, SOW, p. 23; and at Exhibits A, Account Schedule, Exhibit B, Bill of Sale and Assignment of Accounts, and Exhibit D, Settlement Statement, pp. 18-19, 21.

10. USAM was thereby paying Vivid Hear upfront for Accounts that were payable typically by the ultimate consumer over 36 months.

11. Pursuant to Section 6.1 of the Contract, Vivid Hear, however, is contractually obligated to repurchase Accounts that fall into one of 11 categories,

---

[1] All capitalized terms in this Complaint not otherwise defined in the Complaint have the meaning ascribed to them in the Contract.

provided USAM gives Vivid Hear notice of its repurchase obligation within 180 days of the Closing Date on which the Accounts in question had been sold to USAM. One such category of Accounts that Vivid Hear is contractually obligated to repurchase is "any Account for which 45-days ha[ve] elapsed since the Customer missed any of the first three payments due post-closing date, and where the customer failed to bring their account current within the 45-day time period immediately after the due date of the missed payment." Contract, Section 6.1(a) – (k), at pp. 7-8.

12.   As of the filing of this Complaint, USAM has provided timely notice to Vivid Hear of its obligation to repurchase 634 Accounts falling within the terms of Section 6.1 of the Contract. Section 6.3 of the Contract provides that: (a) within 30 days of its receipt of such notices, Vivid Hear must provide USAM with an Account-level response to the notice detailing whether Vivid Hear agrees or disagrees that the Section 6.1 conditions are met as to each Account; and (b) USAM and Vivid Hear will work in good faith to reach an agreement as to which Accounts meet the Section 6.1 repurchase conditions.

13.   Vivid Hear has failed substantially to timely provide the required Account-level responses to USAM's repurchase notices, failed to engage in good faith negotiations to resolve the repurchase issue, including missing meetings specifically requested and scheduled to discuss the issue, and has failed to make

payment on a single Account that USAM has properly and timely noticed for repurchase. These failures constitute a material breach of the Contract.

14. As of the date of the filing of this Complaint, a large majority of the Accounts that must be repurchased by Vivid Hear are subject to repurchase because of material financial defaults by the buyers of the hearing aids: either the buyers have missed one or more of their first three payments or the buyers have failed to make any payments whatsoever.

15. As of the date of filing this Complaint, Vivid Hear is indebted to USAM for the full principal sum of $507,412.52 for Accounts subject to mandatory repurchase and on which Vivid Hear, in breach of the Contract, has made no payment whatsoever.

### COUNT I – BREACH OF CONTRACT BY VIVID HEAR

16. USAM incorporates by reference the factual allegations contained in the preceding paragraphs.

17. The Contact is a valid and binding contract between USAM and Vivid Hear.

18. USAM performed its obligations under the Contract in all respects.

19. Vivid Hear breached the Contract in the following non-exclusive particulars: (a) by failing to provide Account-level responses to USAM's notices of Accounts subject to repurchase; (b) by failing to work in good faith to come to

agreement on which Accounts meet the Section 6.1 repurchase conditions; (c) by completely failing to repurchase a single Account subject to its Section 6.1 repurchase obligations, including with respect to at least 478 Accounts subject to clear and material payment defaults by the consumers triggering the repurchase obligation; (d) failing to produce signed documents on Accounts it tendered for purchase by USAM; (e) breaching its warranty that it has made commercially reasonable efforts to ensure that the Accounts being offered for sale are not subject to repurchase, as provided in Section 8.6(a) of the Contract; and (f) breaching its warranty that the Accounts submitted for purchase by USAM were not selected "in any manner that, but for the chance inherent in random selection, would be materially adverse to [USAM]," as provided for in Section 8.7 of the Contract.

20. As a result, Vivid Hear is indebted to USAM as of the date of the filing of this Complaint for the full principal sum of $507,412.52, plus prejudgment and post-judgment interest.

## COUNT II – UNJUST ENRICHMENT

21. USAM incorporates by reference the factual allegations contained in the preceding paragraphs.

22. USAM has conferred a benefit on Vivid Hear in the form of payments made on substandard Accounts and Vivid Hear has knowledge of that benefit. Vivid Hear has voluntarily accepted and retained the benefit conferred on it by USAM.

7

Further, the circumstances are such that it would be inequitable for Vivid Hear to retain the benefit conferred on it by USAM without paying the value thereof to USAM.

23. As a result, Vivid Hear is indebted to USAM as of the date of filing of this Complaint for the full principal sum of $507,412.52, plus prejudgment and post-judgment interest.

WHEREFORE, U.S. Asset Management, Inc., respectfully requests that the Court enter judgment in its favor and against Hearing Better Now, LLC, doing business as Vivid Hear, as follows:

(A.) For damages for breach of contract, or alternatively for unjust enrichment, in the full sum that Hearing Better Now, LLC, d/b/a Vivid Hear was obligated to pay to U.S. Asset Management, Inc. for repurchase of Accounts under the Contract, which as of the date of filing this Complaint is $507,412.52;

(B.) Prejudgment and post-judgment interest;

(C.) Taxable costs; and

**[Remainder of Page Intentionally Left Blank.]**

(D.) Any other relief to which U.S. Asset Management, Inc. may be entitled, and this Court deems just and proper.

>Respectfully Submitted,
>
>/s/ *Dayle M. Van Hoose*
>Dayle M. Van Hoose
>Florida Bar No. 0016277
>SESSIONS, ISRAEL & SHARTLE, LLC
>3350 Buschwood Park Drive, Suite 195
>Tampa, FL 33618
>Telephone: (813) 890-2466
>Facsimile: (877) 334-0661
>Email: dvanhoose@sessions.legal
>
>Charles R. Penot, Jr.
>*Pro Hac Vice* Application Forthcoming
>SESSIONS, ISRAEL & SHARTLE, LLC
>900 Jackson Street, Suite 440
>Dallas, Texas 75202
>Telephone: (214) 741-3009
>Facsimile: (214) 741-3098
>Email: cpenot@sessions.legal
>
>*Attorneys for Plaintiff,*
>*U.S. Asset Management, Inc.*